IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON P., and PUAKIELENANI P. In their capacity as parents and legal guardians of The Student K.,<br><br>    Plaintiff-Appellant,<br><br>  vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION,<br><br>    Defendant-Appellee. | CIVIL NO. 11-00635 ACK-RLP |
| STATE OF HAWAII, DEPARTMENT OF EDUCATION,<br><br>    Plaintiff-Appellant,<br><br>  vs.<br><br>AARON P., and PUAKIELENANI P. In their capacity as parents and legal guardians of The Student K.,<br><br>    Defendant-Appellee. | CIVIL NO. 11-00711 ACK-RLP (consolidated cases) |

<u>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PARENTS' MOTION FOR FEES AND RELATED NONTAXABLE EXPENSES</u>[1]

---

[1]  Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

Before the Court, pursuant to a designation by United States District Judge Alan C. Kay, is Aaron P. and Puakielenani P.'s, in their capacity as parents and legal guardians of The Student K. (collectively "Parents"), Second Motion for Fees and Related Nontaxable Expenses, filed on May 17, 2013 ("Motion"). See ECF No. 122. Parents request an award of $154,527.94 for attorneys' fees as the "prevailing party" pursuant to 20 U.S.C. § 1415. The Department of Education, State of Hawaii (the "DOE") filed its memorandum in opposition to Parents' Motion on June 19, 2013, and Parents filed their reply on July 3, 2013. See ECF Nos. 132, 134.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 54.3(f) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Parents' Motion be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Parents $98,080.51 in attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Student K. ("Student") is eligible for special education under The Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"). Acting on her behalf,

2

Parents, on December 15, 2010, filed Requests for Impartial Due Process Hearings challenging the sufficiency of Student's Individual Education Programs ("IEP") formed on September 17, 2009 and August 27, 2010. The Administrative Hearings Officer ("AHO") consolidated the two cases, held eight days of evidentiary hearings, and, on September 20, 2011, reached his decision. See ECF No. 1-1. The AHO concluded that: (1) Student was denied a free appropriate public education ("FAPE") because the September 17, 2009 IEP did not offer an appropriate program and placement; (2) Student was denied a FAPE because, although the August 27, 2010 IEP offered an appropriate *program*, it did not offer an appropriate *placement*; (3) Student's current private placement, the Pacific Autism Center, is an appropriate placement; (4) Parents were not entitled to reimbursement for private evaluations and compensatory education; and (5) Parents were prevailing parties and were entitled to reimbursement for the costs of continued placement at the current private placement for the periods of August 3, 2009 to June 30, 2010, and December 6, 2010 to the date of the decision. Id. at 38-39.

      On October 20, 2011, Parents filed an appeal in this Court requesting attorneys' fees and challenging numerous findings of fact, the failure of the AHO to address their claim that the DOE failed to implement Student's August 27, 2010 IEP, and the denial of reimbursement for evaluations and compensatory education. See ECF No. 1. On the same date, the DOE filed an

appeal in state court. See ECF No. 10-1. The DOE sought a finding that it provided a FAPE to Student, reversal of the administrative decision, attorneys' fees, a denial of Parents' request for attorneys' fees, and such further relief as may be just and equitable under the circumstances. Id. Parents removed the DOE's appeal to this Court on November 20, 2011. See ECF No. 10. On February 6, 2012, the Court consolidated the two appeals. See ECF No. 22.

On May 4, 2012, the Court granted Parents' first motion for partial summary judgment. See ECF No. 67. The Court held that the DOE is responsible for Student's costs and fees, including late fees, for attending the Pacific Autism Center, from the date of the administrative decision, September 20, 2011, until the conclusion of the instant proceedings. Id. at 29.

On September 17, 2012, the Court denied Parents' second motion for summary judgment and affirmed in part and remanded in part the administrative decision. See ECF No. 100. The Court: (1) affirmed the AHO's finding that the September 17, 2009 IEP denied Student a FAPE; (2) affirmed the AHO's finding that the August 27, 2010 IEP offered an appropriate program but remanded to the AHO to determine under the correct standard whether the IEP offered an appropriate placement and to consider Parent's arguments that the DOE failed to implement portions of the IEP; (3) affirmed the AHO's finding that the Pacific Autism Center is an appropriate placement; (4) directed the AHO on remand to

4

explain why he denied Parents' request for reimbursement for the costs of private evaluations and compensatory education; and (5) affirmed the AHO's finding that Parents were prevailing parties at the administrative level and were entitled to reimbursement for the costs of continued placement. Id. at 53.  The Court invited Parents to file a motion to recover their attorneys' fees and costs at the administrative level and permitted Parents to file a motion for fees for the district court proceedings as well.  Id. at 52-53.

On September 30, 2012 and October 1, 2012 respectively, Parents filed a bill of costs and a motion for attorneys' fees incurred at both the administrative and district court levels. See ECF Nos. 102, 103.  On October 16, 2012, after the DOE did not object, the Clerk of Court taxed Parents' requested costs. See ECF No. 107.  On November 28, 2012, the undersigned issued an order holding Parents' motion for fees in abeyance until after the AHO issued his decision on remand.  See ECF No. 117.  On January 8, 2013, over Parents' objections, the district judge affirmed the undersigned's order.  See ECF No. 120.

On May 3, 2013, the AHO issued his decision on remand. See ECF No. 121-2.  The AHO concluded: (1) Student's August 27, 2010 IEP did not offer Student an appropriate placement and was a denial of FAPE; (2) the DOE did not materially fail to implement Student's August 27, 2010 IEP; and (3) the AHO denied Parents' request for reimbursement for private evaluations because the DOE

5

had done its own evaluations and assessments prior to the IEP meetings and did not need private evaluations to develop the IEPs and denied Parents' request for compensatory education based on the equities in this case and the conduct of the parties.  Id. at 21.

On May 17, 2013, Parents' filed a motion to reopen the case following the AHO's decision on remand and the instant Motion for fees.  See ECF Nos. 121, 122.  On May 20, 2013, the case was reopened.  See ECF No. 123.  On June 18, 2013, following a telephonic status conference and Parents' motion for entry of judgment, the Court Clerk entered judgment in this case.  See ECF No. 131.  On June 27, 2013, Parents filed a second bill of costs.  See ECF No. 133.  On July 23, 2013, after the DOE did not object, the Clerk of Court taxed Parents' supplemental requested costs.  See ECF No. 135.  Thus, the only issue remaining for adjudication is Parents' request for attorneys' fees in the instant Motion.

## ANALYSIS

**A.  Entitlement to Attorneys' Fees and Costs**

The IDEA provides, in pertinent part, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability[.]"  20 U.S.C. § 1415(i)(3)(B)(i)(I).  "A prevailing party is one who 'succeed[s] on any significant issue

6

in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (quoting Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994)). "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." Id. The change in the parties' legal relationship must also be judicially sanctioned. P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1171 (9th Cir. 2007).

The Supreme Court has characterized the prevailing party analysis as a "generous formulation" weighted in favor of awarding fees unless a party's success was purely technical or de minimis. See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 789, 792 (1989). In this regard,

> The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under Hensley, not to the availability of a fee award *vel non*.

Id. at 792-93.

Here, the Court already deemed Parents the prevailing parties at the administrative level and held that they were entitled to attorneys' fees incurred in those proceedings. See ECF No. 100, at 52. The DOE does not dispute that Parents

7

are the prevailing parties at either the administrative or district court level; rather, the DOE asserts that Parents' attorneys' fees should be reduced based on Parents' limited degree of success.  <u>See</u> Def.'s Mem. Opp. Mot. 7.  As Parents prevailed on several significant issues in the district court proceedings, including obtaining determinations that both the September 17, 2009 and August 27, 2010 IEPs denied Student a FAPE, the Court further finds that Parents are the prevailing parties at the district court level.  Therefore, the Court concludes that Parents are entitled to an award of their attorneys' fees for both the administrative and district court proceedings pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).  The Court will address the DOE's arguments regarding a reduction of Parents' fee award based on their degree of success in a separate section below.

**B.   Calculation of Attorneys' Fees**

In calculating an award of reasonable attorneys' fees in IDEA cases, district courts use the lodestar calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See, e.g.</u>, <u>Aguirre v. L.A. Unified Sch. Dist.</u>, 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in <u>Hensley</u> and its progeny").  A court must determine a reasonable fee by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.

Once calculated, the lodestar amount is presumptively reasonable. See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that "a 'strong presumption' exists that the lodestar figure represents a 'reasonable fee'"). However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.[2] See Fischer, 214 F.3d at 1119 n.4. The factors the Ninth Circuit identified in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions

---

[2] The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement." Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure") (citations and quotations omitted). The Ninth Circuit, however, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & Cnty. of S.F., 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

> involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Parents request the following lodestar amount for work performed by its counsel in this case:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Jerel D. Fonseca | 247.05 | $285.00 | $70,409.25 |
| Karen J. Lee | 160.80 | $275.00 | $44,220.00 |
| Magali V. Sunderland | 119.80[3] | $275.00 | $32,945.00 |
| SUBTOTAL | | | $147,574.25 |
| 4.712% General Excise Tax | | | $6,953.70 |
| **TOTAL** | | | **$154,527.95** |

See Pls.' Mem. Supp. Mot. 44-45; Sunderland Decl. Exs. A, E.

**1.   Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of

---

[3] Ms. Sunderland requests 106.0 hours for work done prior to October 1, 2012 when Parents' first motion for attorneys' fees was filed and an additional 13.8 hours for work completed since that time. See Sunderland Decl. ¶ 8.

comparable skill, experience, and reputation." <u>Webb v. Ada County</u>, 285 F.3d 829, 840 (9th Cir. 2002) (citing <u>Chalmers v. City of L.A.</u>, 796 F.2d 1205, 1210-11 (9th Cir. 1986)); <u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. <u>Jordan v. Multnomah Cnty.</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, in addition to their own declarations, Parents' counsel submitted what appears to be an article form the Hawaii Bar Journal, which purports to describe the barriers Hawaii parents face as they seek the FAPE guaranteed to children with disabilities pursuant to the IDEA. <u>See</u> Sunderland Decl. Ex. C. While this article does not describe the range of hourly rates charged by Hawaii attorneys practicing in this area, the Court is familiar with the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, as well as with other prior attorneys' fee awards in this district. Based on these factors, Court finds that the rates requested by two of Parents' counsel are excessive and adjusts the rates accordingly.

    **a. A Reasonable Rate for Jerel Fonseca is $285 Per Hour**

11

As an initial matter, the DOE does not object to Mr. Fonseca's requested rate of $285 per hour. Mr. Fonseca is recognized as a leading practitioner of IDEA law in Hawaii: he has been licensed to practice law in Hawaii for 29 years, worked with the DOE as an IDEA hearings officer for three years, began representing families with children with disabilities in 2001, and has been lead counsel in approximately 200 IDEA cases. See Fonseca Decl. ¶¶ 1, 5-6. In light of this experience and expertise, this Court awarded Mr. Fonseca a rate of $285 per hour earlier this year. See I.T. ex rel. Renee T. v. Dep't of Educ., Haw., Civ. No. 11-00676 LEK-KSC, 2013 WL 419016, at *1 (D. Haw. Jan. 13, 2013). Accordingly, the Court finds that $285 per hour is manifestly reasonable for Mr. Fonseca here.

      **b.   A Reasonable Rate for Karen Lee is $225 Per Hour**

Ms. Lee has been practicing law in Hawaii for 23 years and requests a billing rate of $275 per hour. See Lee Decl. ¶ 3. The DOE objects to this rate and states that a rate of $200 per hour would be more reasonable given her experience in IDEA cases. See Def.'s Mem. Opp. Mot. 11-12. Like Mr. Fonseca, Ms. Lee worked with the DOE as an IDEA hearings officer for about five years, but unlike Mr. Fonseca, Ms. Lee appears to have concentrated her practice in special education law since 2007 and has listed only eleven IDEA cases in which she has served as lead or co-counsel. See Lee Decl. ¶¶ 10-13, 16-17. Perhaps due to

her limited caseload, Ms. Lee's hourly rate has yet to be established in this district. Considering the foregoing, the Court finds that a reasonable rate for Ms. Lee is $225 per hour. See Dep't of Educ. v. Zachary B., Civ. No. 08-00499, 2010 WL 346393, at *4 (D. Haw. Jan. 29, 2010) (awarding a rate of $225 per hour to attorney who had been licensed to practice law in California for 24 years and licensed in Hawaii for 15 years but who had not provided documentation that he had personally appeared as lead counsel in IDEA cases in this district in which attorneys' fees had been awarded).

### c. A Reasonable Rate for Magali Sunderland is $185 Per Hour

Ms. Sunderland has been practicing law in Hawaii for 27 years and requests a rate of $275 per hour. See Sunderland Decl. ¶ 3. The DOE objects to this rate and states that a rate of $200 per hour would be "generous" but more reasonable given her experience in IDEA cases. See Def.'s Mem. Opp. Mot. 11-12. Indeed, Ms. Sunderland appears to have substantially less experience than Mr. Fonseca and Ms. Lee in IDEA cases, as she did not work with the DOE as an IDEA hearings officer. Instead, Ms. Sunderland has worked exclusively with special education children since 2007 and does not appear to have lead counsel experience in IDEA cases. See Sunderland Decl. ¶¶ 16, 22. Ms. Sunderland lists only eight IDEA cases in which she has served as co-counsel, and she states that her IDEA work is "performed in

consultation with" Ms. Lee.  Id. at ¶¶ 22-23.  Given her lack of experience as lead counsel, the Court finds that a reasonable rate for Ms. Sunderland is $185 per hour.  See A.F. v. Hamamoto, Civ. No. 07-00278 JMS-KSC, 2008 WL 148909, at *3-4 (D. Haw. Jan. 16, 2008) (finding a rate of $185 per hour reasonable for lead counsel with twelve years of litigation experience and over six years of handling IDEA cases).

    **2.**   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  Counsel for a fee applicant should exclude from a request time that is "excessive, redundant, or otherwise unnecessary." Id. (quoting Hensley, 461 U.S. at 433-34).  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its affidavits.  Id. at 1397-98.

In making an award, the court is required to explain how it made its determination in a comprehensible, but not elaborate, fashion.  Id.; see also Hensley, 461 U.S. at 437 (stating that the court's explanation may be "concise," but must also be "clear").  The court need not set forth an hour-by-hour

analysis of the fee request but may instead make across-the-board percentage cuts to the number of hours claimed as a "practical means of trimming the fat" from a fee application. Gates, 987 F.2d at 1399.  Indeed, the court has the authority to impose "a small reduction, no greater than ten percent -- a 'haircut' -- based on its exercise of discretion and without a more specific explanation." Moreno, 534 F.3d at 1111.

The DOE's primary objection to the time charged by Ms. Lee and Ms. Sunderland is that the number of hours billed was unreasonable.[4]  Specifically, the DOE objects to the amount of time Parents' counsel spent drafting the complaint, first motion to amend the record on appeal, summary sheet, third motion to amend the record, second motion for partial summary judgment, and first motion for attorneys' fees.  The Court agrees that some of this work was excessive.  The Court's independent review of Parents' counsel's timesheets also reveals some clerical work, such as filing court documents and compiling exhibits, that is not compensable.[5]  See HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1240 (D. Haw. 2011).  Moreover, several of Parents'

---

[4] The Court notes that the DOE does not object to the reasonableness of the hourly rate or number of hours billed by Mr. Fonseca.

[5] See, e.g., entries by Ms. Sunderland dated 10/20/11, 11/28/11, 12/28/11, 1/17/12, 3/4/12, 3/10/12, 3/15/12, 4/27/12, 10/1/12, 11/14/12, 12/12/12, 5/16/13, and 5/17/13, and entries by Ms. Lee dated 12/4/11, 4/10/12, 6/11/12, 7/10/12, 7/24/12, and 8/29/12.

counsel's time entries for telephone conferences lack the detail required by the local rules.[6]  See Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-KSC, 2012 WL 2529260, at *5-6 (D. Haw. Feb. 28, 2012); LR 54.2(d)(2) ("time entries for telephone conferences must include an identification of all participants and the reason for the call").  Finally, the Court notes that Mr. Fonseca performed all of the work at the administrative level, which included a review of Student's educational history and other fact-finding, drafting of the Request for Due Process and administrative briefs, witness and expert preparation, and eight days of evidentiary hearings.  Ms. Lee and Ms. Sunderland, on the other hand, were responsible only for work done at the district court level, which essentially required two motions for summary judgment to resolve the appeal.  For his work, Mr. Fonseca billed a total of 247.05 hours; for theirs, Ms. Lee and Ms. Sunderland billed a total of 280.60 hours.  Given the foregoing, the Court finds that Ms. Lee and Ms. Sunderland's time should be reduced by twenty percent (20%) to account for any excessive time.

### 3.  Lodestar Adjustment for Partial Success

Although this Court has determined that Parents are prevailing parties, the Court has discretion to adjust the

---

[6]  See, e.g., entries by Ms. Sunderland dated 2/17/12, 2/27/12, 2/28/12, 3/1/12, 3/5/12, 3/8/124/3/124/12/124/23/12, and 5/29/12.

lodestar calculation downward based on Parents' limited degree of success. See Aquirre, 461 F.3d at 1119-20 (holding that the amount of attorneys' fees awarded under the IDEA is contingent upon the degree of success the parent attained on his or her claims); Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir. 2005) ("The bulk of discretion retained by the district court lies in the second, significance of relief, inquiry."); Hensley, 461 U.S. at 436 ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). "A reduced award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id. at 440.

There is no "precise rule or formula" in determining the appropriate reduction in fees for partial success. Id. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Id. at 436-37. See also Crawford v. San Dieguito Union Sch. Dist., 202 Fed. Appx. 185, 186 (9th Cir. 2006) ("Hensley's test does not require apportionment 'mechanically' on the basis of success or failure on enumerated issues, but it does require that judges properly consider the parties' achievements in a multi-claim context,

considering, for example, hours spent on winning versus losing claims, the level of success achieved, and the degree of overlap between successful and unsuccessful claims.").

Courts within the Ninth Circuit, including this district, regularly reduce fee awards in IDEA cases by an across-the-board percentage due to a party's limited degree of success. See, e.g., id. (upholding district court's 40% reduction of fees); Natalie M. ex rel. David M. v. Dep't of Educ., Haw., Civ. No. 06-00539 JMS-BMK, 2007 WL 2110510, at *7 (D. Haw. July 19, 2007) (adopting special master's recommendation to reduce fees by 30%); M.M. v. Lafayette Sch. Dist., No. 09-4624, 2012 WL 3257662, at *13 (N.D. Cal. Aug. 8, 2012) (75% reduction); S.A. v. Tulare Cnty. Office of Educ., No. 08-1215, 2009 WL 4048656, at *7 (E.D. Cal. Nov. 20, 2009) (90% reduction); Gaines ex rel. Gaines v. Douglas Cnty. Sch. Dist., No. 3:04-00541, 2009 WL 2710063, at *7 (D. Nev. Aug. 25, 2009) (80% reduction); Mercer Island Sch. Dist. v. D.M., No. 03-3925, 2005 WL 1126921, at *2 (W.D. Wash. May 10, 2005) (50% reduction).

Here, the Court is guided by its decision in Natalie M.. In that case, the plaintiffs prevailed on the fundamental issue of FAPE but were unable to obtain the reimbursement they desired. Id. at 2007 WL 2110510, at *7. The Court held that the plaintiffs' base fee award should be reduced by thirty percent (30%) to reflect plaintiffs' level of success. Id. The Court

reasoned that the plaintiffs had to spend significantly more time and energy obtaining a favorable ruling on the FAPE issue than they did on the reimbursement issue. Id.

Similarly, in this case, Parents prevailed on the ultimate issue of FAPE but did not succeed on their claims for compensatory education and reimbursement for private evaluations. The Court notes, however, that Natalie M. involved only one IEP, whereas this case dealt with an appeal of two separate IEPs. Therefore, after carefully considering the factual and procedural background of this matter, the Court concludes that Parents' base fee award should be reduced by twenty percent (20%) to reflect Parents' limited degree of success.

### 4. Total Lodestar Award

Based on the foregoing, the Court finds that Defendants have established the appropriateness of an award of attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Jerel D. Fonseca | 247.05 | $285 | $70,409.25 |
| Karen J. Lee | 128.64[7] | $225 | $28,944.00 |
| Magali V. Sunderland | 95.84[8] | $185 | $17,730.40 |
| SUBTOTAL | | | $117,083.65 |

---

[7] 160.80 hours x 20% reduction for excessive time = 128.64 hours.

[8] 119.80 hours x 20% reduction for excessive time = 95.84 hours.

| | | | |
|---|---|---|---|
| 20% Reduction for Partial Success | | | $93,666.92 |
| General Excise Tax of 4.712% | | | $4,413.59 |
| **TOTAL** | | | **$98,080.51** |

Therefore, the Court recommends that the District Judge award Parents $98,080.51 in attorneys' fees.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Parents' Motion for Fees and Related Nontaxable Expenses, filed on May 17, 2013, be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Parents $98,080.51 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 29, 2013.



_____
Richard L. Puglisi
United States Magistrate Judge

AARON P., ET AL. V. STATE OF HAW., DEP'T OF EDUC.; CIVIL NO. 11-00635 ACK-RLP; CIVIL NO. 11-00711 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PARENTS' MOTION FOR FEES AND RELATED NONTAXABLE EXPENSES