IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON P. and PUAKIELENANI P. in their capacity as parents and legal guardians of the Student K., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF HAWAII, DEPARTMENT OF EDUCATION, <br><br> Defendant-Appellee. | Civ. Nos. 11-00635 ACK-RLP & 11-00711 ACK-RLP [Consolidated] |

STATE OF HAWAII, DEPARTMENT OF
EDUCATION,

        Plaintiff-Appellant,

    v.

AARON P. and PUAKIELENANI P. in
their capacity as parents and
legal guardians of the Student
K.,

        Defendants-Appellees.

**ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION OF JULY 29, 2013**

      For the following reasons, the Court ADOPTS IN PART AND MODIFIES IN PART the magistrate judge's Findings and Recommendation To Grant in Part and Deny in Part Parents' Motion for Fees and Related Nontaxable Expenses. First, the Court grants the full number of hours requested by counsel Jerel D. Fonseca at the precise hourly rates requested by Fonseca. Second, the Court grants the costs requested by Fonseca. Third, the Court adopts

the magistrate judge's recommended hourly rates for counsel Karen J. Lee and Magali V. Sunderland. Fourth, the Court rejects the magistrate judge's recommended twenty percent reduction to Lee and Sunderland's requested hours, and instead addresses the DOE's objections to those hours individually. Fifth, the Court rejects the magistrate judge's recommended across-the-board reduction of twenty percent to account for Parents' partial success in this action.

<u>**RELEVANT PROCEDURAL & FACTUAL BACKGROUND**</u>

Student K. is eligible for special education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 <u>et seq.</u> ("IDEA").

## I.    <u>Administrative Proceedings</u>

On December 15, 2010, K.'s parents, acting on her behalf, filed Requests for Impartial Due Process Hearings challenging the sufficiency of the Individual Education Programs ("IEPs") which had been formed for K. on September 17, 2009, and August 27, 2010. The Administrative Hearings Officer consolidated the two cases, held eight days of evidentiary hearing, and, on September 20, 2011, reached his decision. (<u>See</u> Dkt. No. 1-1.) He concluded that: (1) K. was denied a free appropriate public education ("FAPE") because the 2009 IEP did not offer an appropriate program or placement; (2) K. was denied a FAPE by the 2010 IEP because, although it offered an appropriate program, it did not offer an appropriate placement; (3) K.'s current private placement, the Pacific Autism Center, is appropriate; (4) Parents

2

were not entitled to reimbursement for private evaluations and compensatory education; and (5) Parents were prevailing parties and were entitled to reimbursement for the costs of private placement for the periods of August 3, 2009 to June 30, 2010, and December 6, 2010 to the date of the decision. (Id. at 38-39.)

## II.  District Court Proceedings

On October 20, 2011, Parents filed an appeal in this Court requesting attorneys' fees and challenging numerous findings of fact, the failure of the Hearings Officer to address their claim that the Hawai'i Department of Education ("DOE") failed to implement K.'s 2010 IEP, and the denial of reimbursement for evaluations and compensatory education. (See Dkt. No. 1.) On the same date, the DOE filed an appeal in state court. (See Dkt. No. 10-1.) The DOE sought a finding that it provided a FAPE to K., reversal of the administrative decision, attorneys' fees, and a denial of Parents' request for attorneys' fees. (Id.) Parents removed the DOE's appeal to this Court on November 20, 2011 (see Dkt. No. 10), and on February 6, 2012 the Court consolidated the two appeals (Dkt. No. 22).

On March 9, 2012, Parents filed a First Motion for Partial Summary Judgment (Dkt. No. 31) and, simultaneously, a First Motion To Supplement the Record on Appeal (Dkt. Nos. 30, 33-38.) The Court granted in part and denied in part the First Motion To Supplement on March 27, 2012. (Dkt. No. 53.) On April 10, 2012, Parents filed a Second Motion To Supplement the Record on Appeal (Dkt. No. 59), which the Court granted a week later

(Dkt. No. 63). The Court heard arguments on Parents' first motion for partial summary judgment on April 24, 2012, and at the hearing directed Parents to file a summary sheet detailing the amounts that Parents had spent on K.'s private schooling. (Dkt. No. 64.) Parents filed the summary sheet on April 27, 2012. (Dkt. No. 66.) On May 4, 2012, the Court granted Parents' First Motion for Partial Summary Judgment. (Dkt. No. 67.) The Court held that the DOE should pay K.'s costs and fees for attending the Pacific Autism Center from the date of the administrative decision, September 20, 2011, until the conclusion of the instant proceedings. (Id. at 29.)

On June 11, 2012, Parents filed their Third Motion To Supplement the Record on Appeal (Dkt. No. 70), which the Court denied on June 19, 2012 (Dkt. No. 77).

Parents filed their opening brief as to the administrative appeal on June 8, 2012. (Dkt. No. 69.) The DOE filed its opening brief on June 12, 2012. (Dkt. No. 73.) The parties filed their respective answering briefs on July 10, 2012. (Dkt. Nos. 79 & 80.) Parents filed a reply brief on July 24, 2012. (Dkt. No. 94.)

On July 20, 2012, Parents filed a second Motion for Partial Summary Judgment. (Dkt. Nos. 81-92.) On September 17, 2012, the Court denied Parents' second motion for summary judgment. (Dkt. No. 100.) In the same order, the Court affirmed in part and remanded in part the administrative decision. (Id.) The Court: (1) affirmed the Hearings Officer's finding that the

4

2009 IEP denied K. a FAPE; (2) affirmed the Hearings Officer's finding that the 2010 IEP offered an appropriate program but remanded to the Hearings Officer to determine under the correct standard whether the 2010 IEP offered an appropriate placement and to consider Parents' arguments that the DOE failed to implement portions of the 2010 IEP; (3) affirmed the Hearings Officer's finding that the Pacific Autism Center is an appropriate placement; (4) directed the Hearings Officer on remand to explain why he denied Parents' requests for reimbursement for the costs of private evaluations and for compensatory education; and (5) affirmed the Hearings Officer's finding that Parents were prevailing parties at the administrative level and were entitled to reimbursement for the costs of continued placement. (<u>Id.</u> at 53.) The Court invited Parents to file a motion for attorneys' fees and costs. (<u>Id.</u> at 52-53.)

## III. <u>Decision on Remand and Proceedings Regarding Attorneys' Fees and Costs</u>

On September 30, 2012, Parents filed a bill of costs (Dkt. No. 102), which the Clerk of Court taxed after the DOE did not object (Dkt. No. 107). Also on September 30, 2012, Parents filed their first motion for attorneys' fees and costs. (Dkt. No. 103.) On November 28, 2012, the magistrate judge issued an order holding the fees motion in abeyance until after the Hearings Officer issued his decision on remand. (Dkt. No. 117.)

On January 8, 2012, over Parents' objections, the undersigned affirmed the magistrate judge's order. (Dkt. No. 120.)

On May 3, 2013, the Hearings Officer issued his decision on remand. (See Dkt. No. 121-2.) He concluded that: (1) the 2010 IEP did not offer K. an appropriate placement and therefore denied her a FAPE; (2) the DOE did not materially fail to implement the 2010 IEP; (3) Parents' request for reimbursement for private evaluations was denied because the DOE had performed its own evaluations and did not need private evaluations to develop the IEPs; and (4) Parents' request for compensatory education was denied based on the equities in this case and the conduct of the parties. (Id. at 21.)

On June 11, 2013, Parents filed a motion for judgment as a matter of law (Dkt. No. 129), which the Court denied as moot (Dkt. No. 130). On June 13, 2013, after determining that neither party planned to appeal the Hearings Officer's decision on remand, the Court entered judgment in this case. (Dkt. No. 131.) On June 27, 2013, Parents filed a second bill of costs (Dkt. No. 133), which the Clerk of Court taxed on July 23, 2013 after the DOE did not object (Dkt. No. 135).

Parents filed the instant motion, their second motion for attorneys' fees and costs, on May 17, 2013. (Dkt. No. 122 ("Mem.").) The DOE filed an opposition on June 19, 2013 (Dkt. No. 132 ("Opp'n")), and Parents filed a Reply on July 3, 2013 (Dkt. No. 134 ("Reply")).

On July 29, 2013, the magistrate judge issued a
Findings and Recommendation, in which he recommended that the
Court: (1) find that Parents were the prevailing parties at the
district court level; (2) award compensation for the work of
counsel at the administrative level, Jerel D. Fonseca, for 247.05
hours of work at a rate of $285 per hour; (3) award compensation
for the work of counsel at the district court level, Karen J. Lee
and Magali V. Sunderland for, respectively, 128.64 hours at $225
per hour and 98.84 hours at $185 per hour; and (4) reduce the
total award by 20% to account for Parents' partial success in
this action. (See Dkt. No. 136 ("F&R").)

Parents filed objections to the magistrate judge's
recommendation on August 9, 2013. (Dkt. No. 137 ("Obj.").) The
DOE did not file any response to Parents' objections.

## STANDARD OF REVIEW

## I.   Magistrate Judges' Findings and Recommendations

A district court reviews de novo those portions of a
magistrate judge's findings and recommendation to which an
objection is made and may accept, reject, or modify, in whole or
in part, the findings and recommendation made by the magistrate
judge. 28 U.S.C. § 636(b)(1); United States v. Rivera-Guerrero,
377 F.3d 1064, 1071 (9th Cir. 2004) (citation omitted);
L.R. 74.2. The district court may receive further evidence or
recommit the matter to the magistrate judge with instructions. 28
U.S.C. § 636(b)(1); L.R. 74.2. The district court has discretion,
but is not required, to consider evidence presented for the first

time in a party's objection to a magistrate judge's recommendation. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1208 (9th Cir. 2012) (citation omitted).

Objections to a magistrate judge's recommendation are usually treated as non-hearing motions to be decided on the submissions. L.R. 7.2(e). The Court finds that a hearing in this matter is neither necessary nor appropriate. <u>See</u> L.R. 7.2(e).

## II. __Attorneys Fee Awards in IDEA Cases__

The IDEA provides that the court "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability . . . ." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Here, there appears to be no dispute that Parents were the prevailing party at both the administrative and district court levels.

To calculate an award of reasonable attorneys' fees in IDEA cases, district courts in this circuit must use the "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). <u>Aguirre v. L.A. Unified Sch. Dist.</u>, 461 F.3d 1114, 1121 (9th Cir. 2006). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433. This is known as the lodestar calculation. The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation . . . (4) the results obtained, and

8

(5) the contingent nature of the fee agreement." <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996).

Once calculated, the lodestar amount is presumptively reasonable. <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000). In "rare and exceptional circumstances," however, a court may adjust the lodestar figure based on the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which were not subsumed in the court's lodestar calculation, <u>Fischer</u>, 214 F.3d at 1119 n.4.

<u>**DISCUSSION**</u>

Parents object to the total fee award recommended by the magistrate judge on the following grounds: (1) the number of hours attributed to Fonseca; (2) the failure to award compensation for Fonseca's costs; (3) the hourly rates for Lee and Sunderland; (4) the 20% reduction in number of hours attributed to Lee and Sunderland to account for excessive work; and (5) the 20% reduction in the base fee award to reflect Parents' limited degree of success. (Mem. at 8-11.) The Court will address each issue in turn.

**I.   <u>Lodestar Calculation for Fonseca</u>**

The magistrate judge recommended that the Court compensate Parents for 247.05 hours of Fonseca's time. (F&R at 19.) Parents object, since they claim they sought compensation for 272.5 hours of Fonseca's time. (Obj. at 12.) The fault here lies with Parents, whose motion for attorneys' fees was so poorly drafted that, despite being forty-eight pages long, it failed to

clearly set out exactly what lodestar calculation Parents were seeking. The magistrate judge, understandably, based his hours recommendation for Fonseca on the only figure actually given for Fonseca's hours within the motion itself. (See Mem. at 44.) The 272.5-hour figure was buried in the motion's voluminous exhibits. (See Dkt. No. 122-13, at 8.)

The Court notes, however, that the DOE does not object and never has objected to compensating Fonseca for the full time he claims at the rates he claims. The Court therefore MODIFIES the magistrate judge's recommended award to compensate Parents for 272.5 hours of Fonseca's work. The Court also MODIFIES the magistrate judge's recommended award to compensate Fonseca for the exact rates Parents requested, namely $250 per hour for 9.6 of the hours Fonseca worked, and $285 per hour for the remaining 262.90 hours Fonseca worked. (See Dkt. No. 122-13 at 8.) The lodestar calculation for Fonseca is therefore as follows:

| Hourly Rate | Hours | Total |
|---|---|---|
| $250/hr | 9.6 | $2,400.00 |
| $285/hr | 262.9 | $74,926.50 |
| | SUBTOTAL: | $77,326.50 |
| | General Excise Tax of 4.712% | $3,643.62 |
| | TOTAL: | $80,970.12 |

## II.  Costs

Parents object that the magistrate judge did not recommend awarding them their requested costs. Again, the fault lies with Parents' briefing, which did not specify what costs

Parents sought. Parents now explain that, while Lee and Sunderland's costs were included within Parents' Bill of Costs, Fonseca's costs were not. (See Obj. at 8 & n.1.) Fonseca's requested costs comprise $75.75 for "binders" and $2,143.70 in photocopying. (Dkt. No. 122-13 at 8.) The DOE has not objected to these costs. The Court therefore MODIFIES the magistrate judge's recommended fee award to compensate Parents for costs totaling $2,219.45.

## III. Lodestar Calculations for Sunderland and Lee

### A.   Reasonable Hourly Rate

Parents requested an hourly rate of $275 per hour for both Sunderland and Lee. (Mem. at 46.) The magistrate judge recommended hourly rates of $225 per hour for Lee and $185 per hour for Sunderland. (F&R at 12-14.) Parents object to these recommended rates.

As the magistrate judge noted (F&R at 11), Parents failed to meet their burden of "producing satisfactory evidence, in addition to the affidavits of [their] counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). Parents submitted no evidence whatsoever on this point other than their counsel's own affidavits. Where the fee applicant has failed to support its requested rate, the district court may rely on its own familiarity with the local legal market to determine a reasonable

11

hourly rate. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011). Given both the magistrate judge and the undersigned's extensive knowledge of the local legal market, the Court agrees with the magistrate judge's analysis and recommendation of reasonable fees for Lee and Sunderland's work (F&R at 10-11, 12-14), and adopts them in full.[1]

The Court notes that these hourly rates are significantly lower than those requested by Sunderland and Lee, and adds the following analysis to that of the magistrate judge. The district court generally considers the "quality of representation" when setting the reasonable hourly rate. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1046 (9th Cir. 2000). Here, the quality of Lee and Sunderland's joint representation of their clients has been significantly lower than is usual in the local legal market. Their briefs are ungrammatical, poorly structured, and littered with unexplained

---

[1] The Court notes that although Parents list several cases in which either Lee or Sunderland appeared as lead or co-counsel (see Dkt. No. 122-3, ¶ 22 (Sunderland); Dkt. No. 122-8 at 4, ¶ 17 (Lee)), none of those cases appear to have resulted in an attorneys' fee award. The Court has been unable through its own research to locate any cases in this district in the last ten years in which either Lee or Sunderland received an attorneys' fee award. Moreover, although Parents note that Lee once obtained a fee of $250 per hour via a settlement agreement in a different case (Obj. at 18; see Dkt. No. 122-8, ¶ 14), the Court does not find this evidence compelling. Parties negotiating a private settlement agreement consider very different factors than those that the Court is required to consider under Hensley and its progeny.

acronyms[2] and unformatted citations[3], and are therefore very difficult and time-consuming to read. Their briefing of the attorneys' fee motion is representative of their written work in this action; their reply brief, for example, appears to have been left almost entirely in note form (see Dkt. No. 134). Contrary to Parents' objections, the Court finds that the magistrate judge's recommended hourly rates are in fact generous given the quality of the representation.[4] The Court ADOPTS the magistrate judge's recommended hourly rates for Sunderland and Lee.

**B.   Reasonable Hours Expended**

Parents sought compensation for 119.8 hours of work performed by Sunderland and 160.8 hours of work performed by Lee. The DOE raised numerous specific objections to the claimed hours. Rather than address these objections, the magistrate judge applied a twenty percent reduction to Sunderland and Lee's requested hours, to account for any excessive time worked. The Court finds that an across-the-board reduction is not appropriate here, where counsel have already written off substantial amounts

---

[2]   For example, the first three pages of Appellants' Opening Brief include the following undefined acronyms: RA, ABA/DTT, SPED, RS, LRE, and VB-MAPP. (Dkt. No. 69 at 11, 13.)

[3]   See, e.g., Dkt. No. 69 at 11 n.4.

[4]   The Court does not take into account here the excessive length and number of some of Sunderland and Lee's filings, though their filings have often been overlong and some have been entirely unnecessary; the Court will address these factors below when calculating the reasonable hours expended by Sunderland and Lee.

of their time.[5/] The Court therefore will not apply a percentage reduction, but will instead address the DOE's objections to specific parts of Sunderland and Lee's requested hours.

First, the DOE argued that the 9.8 hours Sunderland spent drafting the Complaint was unreasonable. The Court agrees. The Complaint was indeed excessively long, consisting of 130 pages to appeal an administrative decision of only 39 pages. There was no need to spend almost ten hours drafting such a long document. Four hours would have been a reasonable length of time for Sunderland to spend on the Complaint.[6/]

---

[5/] By the Court's calculation, 80% of Sunderland's hours were worked pre-remand (149.7 hours) and 20% post-remand (39 hours); Sunderland wrote off 29% of her pre-remand hours (43.7 hours) and 65% of her post-remand hours (25.2 hours). Lee did all of her work (177.4 hours) pre-remand and wrote off 9% of those hours (16.6 hours). The Court takes those write-offs into account here, cf. Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008), and therefore rejects the magistrate judge's recommendation of an across-the-board reduction for excessive work. The Court will note below any write-offs relevant to the DOE's specific objections and will not apply any reductions to time that has already been written off. The Court notes, however, that it is a district court's duty to exclude from its lodestar calculation hours that were not reasonably expended. See Hensley, 461 U.S. at 433. In this case, although Sunderland and Lee have not charged for significant portions of their work, the Court finds that in the instances discussed below those write-offs were not sufficient to reduce their requested hours to a reasonable level.

[6/] In their Reply, Parents claim that they already conceded a reduction of 3.5 hours on the time spent on the Complaint, citing to their reply brief in support of their first motion for attorneys' fees. (See Reply at 20.) Parents may have intended to cede this reduction, but they did not; the second motion for attorneys' fees is supported by the same hours calculation as Parents' first motion, which includes 9.8 hours spent on the Complaint. (See Dkt. No. 122-4 at 3, 27; Mem. at 44.)

Second, the DOE argues that all Sunderland's and Lee's time spent drafting Parents' First Motion To Amend the Record (Dkt. Nos. 30, 33-38) was unnecessary, since Parents filed a Motion for Partial Summary Judgment regarding stay put on the same day, and the documents with which Parents sought to supplement the record could simply have been included as exhibits to the summary judgment motion. The Court agrees. Although the Court ultimately granted in part Parents' First Motion To Amend the Record, the Court admitted only exhibits "concerning relevant events occurring subsequent to the administrative hearing," because they were relevant to Parents' stay put request. (Dkt. No. 53.) As the Court subsequently noted, exhibits relating to events after the Hearing Officer's decision were not relevant to the issues raised in an administrative appeal, and could only be considered in relation to Parents' motions to enforce stay put. (Dkt. No. 100, at 16.) In other words, these exhibits were only relevant to Parents' summary judgment motion, and could simply have been included with the concise statement of facts in support of that motion. Sunderland spent 12.5 hours on the First Motion To Amend the Record, and Lee spent 4.1 hours on it. The Court finds that these hours were entirely unnecessary.[7]

_____

[7] Again, Parents claimed in their Reply that they had ceded a reduction of 5.8 hours regarding this motion, citing to their reply in support of their first motion for attorneys' fees (see Reply at 20), but failed to concede these hours in their second motion for fees (see Dkt. No. 122-4 at 9-10, 27; Mem. at 44).

Third, the DOE argues that the time spent on the "summary sheet" which the Court directed Parents' counsel to file was unreasonable. Again, the Court agrees. The Court requested "a summary sheet detailing the amount [Parents] have paid, borrowed, and interest incurred" for K.'s schooling. (Dkt. No. 64.) Parents' counsel filed a three-page summary sheet - but also filed a fifteen-page brief and two-page declaration. (Dkt. No. 66.) The Court finds that the 5.8 hours Sunderland spent preparing these documents was excessive, and that two hours would have been reasonable.

Fourth, the DOE argues that all time spent on Parents' Third Motion To Supplement the Record was excessive. The Court denied this motion in its entirety, finding that all the proposed exhibits were irrelevant. (Dkt. No. 77.) Sunderland spent 5.1 hours on this motion and Lee spent .3 hours. The Court agrees that this work was entirely unnecessary.

Fifth, the DOE argues that the time spent on Parents' second motion for partial summary judgment was excessive. The Court agrees. Sunderland and Lee billed an eye-popping 50.4 hours preparing this motion, which the Court denied in its entirety (see Dkt. No. 100). In its order, the Court found that the motion raised ancillary claims that were not administratively exhausted (id. at 16-17) or were not ripe (id. at 19-21), and that the central claim, that the DOE had not paid part of its Court-ordered stay put payments, was moot because the DOE made the final payment after the motion was filed (id. at 18-19). The

16

Court is not sympathetic to the DOE's argument that the motion "could have been avoided with just a telephone call" (Opp'n at 16), since the DOE was clearly at fault for failing to make the full court-ordered payment. Nonetheless, the Court finds the 50.4 hours spent on a simple issue – that is, whether the DOE had paid what the Court had ordered it to - to be grossly excessive. Ten hours would have been a reasonable expenditure on such a motion. The Court will split the ten hours according to the proportions of time requested for the motion by Sunderland (26.9 hours) and Lee (23.5 hours), thus awarding 5.3 hours to Sunderland and 4.7 hours to Lee.

Sixth, the DOE argues that Sunderland's time entries for emails and telephone conversations do not contain sufficient detail to justify an award of fees. Local Rule 54.3(2) states that "time entries for telephone conferences must include . . . the reason for the call." The Court notes that Sunderland did not charge for 4.7 hours that she spent on emails and telephone calls. Nonetheless, the DOE identified a further 15.6 hours that Sunderland billed for emails and telephone calls with no indication of the reasons for these communications. (See Opp'n at 19-22.) The Court does not find Parents' claims of attorney-client privilege convincing, and will exclude these hours from its lodestar calculation.

Seventh, the DOE argues that the time spent preparing Parents' first motion for attorneys' fees, which was filed prior to remand, was unnecessary, since the magistrate judge found that

17

the motion was premature. The Court disagrees. The Court's Order of September 17, 2012, invited such a motion, and it was reasonable for counsel to prepare it. Moreover, the Court notes that Sunderland has not charged for the time she spent preparing the second motion for attorneys' fees. (<u>See</u> Dkt. No. 122-2 at 4.)

### C. Conclusion as to Lodestars for Sunderland and Lee

Parents requested compensation for 119.8 hours of work by Sunderland and 160.8 hours of work by Lee. Applying the reductions described above, The Court calculates that the reasonable hours expended would be 55.4 hours by Sunderland and 137.6 hours for Lee. The lodestar calculation for Sunderland and Lee is therefore as follows:

| Attorney | Hourly Rate | Hours | Total |
|----------|-------------|-------|-------|
| Lee | $225/hr | 137.6 | $30,960.00 |
| Sunderland | $185/hr | 55.4 | $10,249.00 |
| | | SUBTOTAL: | $41,209.00 |
| | | General Excise Tax of 4.712% | $1,941.77 |
| | | TOTAL: | $43,150.77 |

## IV.  Adjustments to Lodestar

The magistrate judge reduced his recommended lodestar amount by twenty percent to account for Parents' partial success in this action. The Court rejects this recommendation.

The Supreme Court held in <u>Hensley</u> that an attorneys' fee award may be reduced where the prevailing party succeeded on only some of his claims for relief. 461 U.S. at 434. The Supreme Court noted, however, that "[w]here [the prevailing party] has

obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the [prevailing party] failed to prevail on every contention raised in the lawsuit." Id. at 435. The Supreme Court also noted: "Nor is it necessarily significant that a prevailing [party] did not receive all of the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." Id. at 435 n.11.

The magistrate judge recommended reducing the total award in this action by twenty percent because "Parents prevailed on the ultimate issue of FAPE but did not succeed on their claims for compensatory education and reimbursement for private education." (F&R at 19.) The magistrate judge relied on the decision in Natalie M. v. Dep't of Educ., in which a court in this district reduced an attorneys' fee award in an IDEA case by thirty percent where the plaintiffs prevailed on the issue of FAPE but received no reimbursement whatsoever. Civ. No. 06-00539, 2007 WL 2110510 (D. Haw. July 19, 2007).

This action is very different from Natalie M.; here, Parents obtained a finding that the 2009 IEP did not offer K. a FAPE, and that Parents were entitled to reimbursement for the full 2009-2010 school year (see Order of Sept. 17, 2012 at 51), in addition to stay-put reimbursement for the period between

19

September 20, 2011 and April 4, 2012, and ongoing tuition through the pendency of this litigation (see Order of May 4, 2012 at 32). On remand, Parents achieved confirmation that K. was denied a FAPE in the 2010-11 school year as well. Their litigation has been substantially successful.

Moreover, the Court already reduced the hours requested by Parents' counsel so as to account for unnecessary work (see supra). Any further reduction would constitute impermissible double-counting. See Moreno, 534 F.3d at 1116.

**V.**   **Final Award**

The Court finds that Parents are entitled to the following fee award:

| | |
|---|---|
| Work by Jerel D. Fonseca: | $80,970.12 |
| Work by Karen J. Lee & Magali D. Sunderland: | $43,150.77 |
| Costs: | $2,219.45 |
| TOTAL: | $126,340.34 |

## CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART AND MODIFIES IN PART the Magistrate Judge's Findings and Recommendation dated July 29, 2013 (Dkt. No. 136), and awards attorneys' fees and costs to Parents in the amount shown above. There are no issues for remand to the magistrate judge.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 5, 2013



_____
Alan C. Kay
Sr. United States District Judge

Aaron P. v. Dep't of Educ., Civ. Nos. 11-00635 & 11-00711 ACK RLP, Order Adopting in Part and Modifying in Part Magistrate Judge's Findings and Recommendation of July 29, 2013